UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COMBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-CV-3264-SPM |
| | ) |
| LARRY M. HENDRICK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's Motion for Leave to Amend Petition, Motion to Join Additional Defendant, and Motion to Remand. (Doc. 11). On September 17, 2019, Plaintiff filed his petition in the Circuit Court of the City of St. Louis, State of Missouri, alleging counts of assault, battery, negligence, and punitive damages against Defendant Larry M. Hendrick. (Doc. 1-1-, at 3-7). Plaintiff alleges that on or about September 6, 2019, Defendant attacked Plaintiff by verbally threatening and physically assaulting and battering Plaintiff.

On December 12, 2019, Defendant removed the case to this Court based on 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b), alleging that Plaintiff is a citizen of Missouri, that Defendant is a citizen of Kentucky, and that the amount in controversy exceeds $75,000. (Doc. 1). The same day, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), arguing that there was insufficient service of process. (Doc. 6). Pursuant to a motion for extension of time, Plaintiff's deadline for responding to that motion is January 24, 2020. (Doc. 13).

Plaintiff now seeks leave pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend his Petition and join as a defendant SLB Acquisition LLC d/b/a Enterprise Center ("SLB"). Plaintiff suggests that joinder is appropriate pursuant to Rule 19 (requiring joinder of parties under

1

certain circumstances) or Rule 20 (a)(2) (stating that persons may be joined in one action as defendants "if (A)any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action"). Plaintiff asserts that his claims against the defendants arise out of the same transaction, occurrence, and/or series of transactions or occurrences and that common questions of law and fact will arise as to the two defendants. Plaintiff also asks the Court to remand the case, stating that SLB is a non-diverse defendant who will destroy this Court's diversity jurisdiction.

Under Rule 15(b)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(b)(2). Additionally, 28 U.S.C. § 1447(e) states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Where, as here, joinder would destroy subject matter jurisdiction, "courts have generally held that § 1447(e) gives the court the authority to deny joinder notwithstanding any right the plaintiff may have to amend under Rule 15." *Woodbury v. Courtyard Mgmt. Corp.*, No. 4:11-CV-1049, 2012 WL 482344, at *3 (E.D. Mo. Feb. 14, 2012). The Eighth Circuit has stated that "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). Under such circumstances, "The Court is required to consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff

2

will be significantly injured if amendment is not allowed." *Id.* (quoting *Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991)). The Court must also "determine whether the amendment involves the addition of parties that are considered necessary or dispensable under Fed. R. Civ. P. 19(a)-(b)." *Woodbury*, 2012 WL 482344, at *3 (citing *Bayer*, 463 F.3d at 307).

Plaintiff has not submitted a proposed amended complaint—a deficiency that, on its own, warrants denial of the motion for leave to amend. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) ("We have held. . . that granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate."). The Court also notes that Plaintiff has not explained the nature of the claims he seeks to add against the proposed new defendant, why justice requires allowing him to add such claims, whether he will be significantly injured if amendment is allowed, or whether the party he seeks to add is considered necessary or dispensable under Fed. R. Civ. P. 19(a)-(b). Under these circumstances, the Court cannot determine whether it is appropriate to grant leave to amend under Rule 15(a)(2) or § 1447(e). Therefore, Plaintiff's Motion for Leave to Amend Petition and Motion to Join Additional Defendant will be denied without prejudice. Moreover, because the only basis for Plaintiff's Motion to Remand is the possible presence of a party who has not yet been joined, the Court will also deny the Motion to Remand. If Plaintiff wishes to renew any of these motions, he should include a proposed amended complaint along with a memorandum containing any appropriate argument. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Petition, Motion to Join Additional Defendant, and Motion to Remand. (Doc. 14) is **DENIED**, without prejudice.

                                                       SHIRLEY PADMORE MENSAH
                                                       UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of January, 2020.