UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COMBS,<br><br>Plaintiff,<br><br>v.<br><br>LARRY M. HENDRICK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:19-CV-3264-SPM<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) for Insufficient Service of Process. (Doc. 6). Plaintiff has filed a Memorandum in Opposition to the Motion to Dismiss (Doc. 18). In the Memorandum in Opposition, Plaintiff opposes the Motion to Dismiss and requests that the time for service be extended. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 17). For the following reasons, Defendant's motion will be denied, and Plaintiff will be given 30 days from the date of this order to serve Defendant.

**I.   BACKGROUND**

On September 17, 2019, Plaintiff filed a petition in the Circuit Court of the City of St. Louis, State of Missouri, alleging counts of assault, battery, negligence, and punitive damages against Defendant Larry M. Hendrick. (Doc. 1-1). On September 27, 2019, Plaintiff filed a request for appointment of a special process server to serve Defendant at an address in Kentucky. (Doc. 6-1). On or about October 2, 2019, the clerk of the Circuit Court of the City of St. Louis issued a summons for personal service outside the state of Missouri for Defendant at that address. (Doc. 6-2). On November 1, 2019, Plaintiff's court-appointed special process server posted the summons

1

on Defendant's front door, as described in the Officer's or Server's Affidavit of Service. (Doc. 18-1). In his motion, Plaintiff states that this occurred after the special process server "attempted service on Defendant at his home on numerous occasions, to no avail." (Pl.'s Mem. Opp'n, Doc. 18, at 2). Defendant has submitted an affidavit stating that he was not personally served with the summons and petition and that the papers were found on the door of Defendant's residence by his mother-in-law on November 13, 2019. (Doc. 6-3). On December 11, 2019, Plaintiff filed his Officer's or Server's Affidavit of Service. (Doc. 18-1). On December 12, 2019, Defendant removed the case to this Court based on 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b), alleging that Plaintiff is a citizen of Missouri, that Defendant is a citizen of Kentucky, and that the amount in controversy exceeds $75,000. (Doc. 1).

Defendant now moves to dismiss the case for insufficient service of process. Defendant states that the summons and petition in this case were not personally served on Defendant or left with an individual who resides at Defendant's Kentucky residence, that Defendant does not have an authorized agent for the acceptance of service of process, and that the purported service did not comply with the Missouri Rules, the Kentucky Rules, or the Federal Rules governing personal service on individuals and was therefore improper. Defendant therefore requests that Plaintiff's petition be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

In his response, Plaintiff does not dispute that Defendant was not personally served with the summons and petition in this case and that no proper service was made. However, Plaintiff argues that there is good cause for his failure to serve Defendant within the appropriate time frame, and that therefore the Court should extend the time for service.

**II.	DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(5), a Defendant may move to dismiss a case for insufficient service of process. Federal Rule of Civil Procedure 4(m) provides:

2

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "[U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within [the time set by Rule 4(m)], it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting *Adams v. AlliedSignal Gen. Aviation Avio*nics, 74 F.3d 882, 887 (8th Cir. 1996)). "To warrant a discretionary extension, the plaintiff must establish excusable neglect." *Id.*

It is undisputed that Plaintiff did not properly serve Defendant within the time frame set by Rule 4(m). Thus, the Court must first determine whether Plaintiff has shown good cause for the failure, such that a mandatory extension of time is required. If Plaintiff does not show good cause, the Court must determine whether Plaintiff has shown excusable neglect, such that a discretionary extension is warranted.

The Court first considers the question of whether Plaintiff has established good cause for the failure to timely serve Defendant. There is no definition of good cause in Rule 4(m), and "courts have not given conclusive meaning to the phrase." *Kurka*, 628 F.3d at 957 (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002)). "A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Id.* (quoting *Adams*, 74 F.3d at 887). Courts have provided a few examples of situations where good cause is likely to be found:

> [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis.

3

*Id.* (quoting Wright & Miller, *Federal Practice & Procedure* § 1137). "In determining whether good cause exists, the district court must focus primarily 'on the plaintiff's reasons for not complying with the time limit in the first place.'" *Id.* at 958 (quoting *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997)).

Although it is a close question, the Court finds that Plaintiff has shown good cause for the failure to properly serve Defendant. Plaintiff was prompt in requesting the appointment of a special process server, making the request only ten days after filing the complaint. Additionally, Plaintiff asserts that the special process server attempted to serve Defendant several times to no avail, prompting the server to place the summons on the door of Defendant's home and then file the affidavit of service. It appears from the record that this led Plaintiff to believe that Defendant had been properly served. *Cf. German Free State of Bavaria v. Toyobo Co.*, No. 106-CV-407, 2007 WL 1595030, at *1 (W.D. Mich. June 1, 2007) (mandatory extension under Rule 4(m) was warranted where Plaintiffs believed service was proper when placed on the door of Defendant's house when wife was inside).

In the alternative, the Court finds excusable neglect that warrants a discretionary extension of time. Excusable neglect is "'an elastic concept that empowers courts to' provide relief where a party's failure to meet a deadline is 'caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Kurka*, 628 F.3d at 959 (quoting *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* Courts look at the following factors when evaluating excusable neglect: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the

4

delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Kurka*, 628 F.3d at 959 (citing *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007)). The Court should also consider "the judicial preference for adjudication on the merits." *Id.*

The Court has considered and weighed the above factors in this case. It does not appear that granting a discretionary extension to allow service would prejudice Defendant, who has clearly been aware of the lawsuit for several months. There is no indication that Plaintiff's delay was particularly long or that judicial proceedings will be significantly affected. As discussed above, Plaintiff attempted to obtain proper service, and the reason for the delay appears to have been the process server's inability to obtain proper service on Defendant, and there is nothing to indicate that Plaintiff has acted in bad faith. The judicial preference for adjudication on the merits also weighs in favor of a finding of excusable neglect. Thus, even if Plaintiff has not shown good cause, the Court finds that Plaintiff has demonstrated excusable neglect and will grant Plaintiff a discretionary extension of time to accomplish service of process.

### III.     CONCLUSION

For all of the above reasons, the Court finds that the Plaintiff has shown good cause, or in the alternative excusable neglect, for the failure to properly serve Defendant. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) for Insufficient Service of Process. (Doc. 6) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall serve the summons upon Defendant within **thirty (30) days** of the date of this order.

                                               SHIRLEY PADMORE MENSAH
                                               UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of April, 2020.