UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COMBS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 4:19-CV-3264-SPM |
| LARRY M. HENDRICK, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant's Motion to Compel Plaintiff's Rule 26(a) Disclosures and Plaintiff's Discovery Responses and Motion to Extend Designation of Neutral/ADR Conference Report and ADR Completion Date. (Doc. 31). The time for Plaintiff to file a response has expired, and Plaintiff has not filed a response.

**A. Defendant's Motion to Compel**

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides:

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Such motions may be made "[i]f a party fails to make a disclosure required by Rule 26(a)," "fails to answer an interrogatory submitted under Rule 33," or "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(A), (B)(iii)-(iv).

Under the Case Management Order, the parties were required to make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) no later than June 12, 2020. (Doc.

1

27). Defendant has included as an exhibit to his motion a Certificate of Service indicating that copies of Defendant's First Interrogatories Directed to Plaintiff and Defendant's First Requests for Production of Documents Directed to Plaintiff were sent electronically to Plaintiff's counsel on July 20, 2020. Def.'s Ex. A, Doc. 31-1. Plaintiff's responses were therefore due 30 days later, on August 19, 2020. *See* Fed. R. Civ. P. 33(b)(2)(A), 34(b)(2)(A).

Defendant states in his motion (filed September 2, 2020) that to date, Defendant's counsel has not been served with Plaintiff's Rule 26(a)(1) disclosures or written discovery responses. Defendant also states that his counsel has made reasonable efforts to confer with Plaintiff's counsel in good faith concerning these matters, to no avail, and Defendant includes as an exhibit to the motion a Certificate of Attempt to Resolve describing the emails and telephone calls made to Plaintiff's counsel to address this matter. Def.'s Ex. B, Doc. 31-2. Defendant asks the Court to enter an order compelling Plaintiff to serve his Rule 26(a)(1) disclosures and answers/responses to Defendant's First Interrogatories and Requests for Production within ten days of the Court's order.

Based on Defendant's motion and exhibits, and in the absence of any response from Plaintiff, the Court finds that Defendant's motion complies with Rule 37(a)(1) and that Defendant has established that he is entitled to an order compelling Rule 26(a)(1) disclosures and discovery responses. Therefore, Defendant's motion to compel will be granted.

Rule 37(a)(5)(A) states that, subject to certain exceptions, "[i]f [a] motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). In accordance with this rule, the Court will give Defendant the opportunity to submit documentation of the reasonable expenses and fees incurred in making this motion, and will give

2

Plaintiff the opportunity to respond before entering an order requiring payment of such expenses and fees.

### B. Defendant's Motion to Extend Designation of Neutral/ADR Conference Report and ADR Completion Date

This case was referred to mediation, effective August 10, 2020. (Docs. 27, 28). Plaintiff's counsel, who was designated as lead counsel, was required to submit the parties' Designation of Neutral/ADR Conference Report with the Court no later than August 31, 2020. Mediation was to be completed no later than October 12, 2020. Plaintiff's counsel did not submit the Designation of Neutral/ADR Conference Report by the deadline, nor did Plaintiff's counsel request and extension of time. In his motion and exhibit, Defendant describes Defendant's counsel's attempts to work with Plaintiff's counsel in selecting a mediator and complying with the Court's deadlines.

Defendant now requests that the Court extend both the filing deadline for the parties' Designation of Neutral ADR/Conference Report and the completion date for ADR to a future date to be determined. Defendant states that good cause exists for extending the ADR completion deadline, because Defendant anticipates needing additional time upon receipt of Plaintiff's outstanding written discovery responses to evaluate Plaintiff's claim prior to mediation.

For the reasons stated in Defendant's motion, the Court finds good cause to extend the ADR deadlines. The Court will vacate the existing ADR referral order and set the case for a brief status conference to establish a firm and realistic timeline for the completion of ADR.

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Plaintiff's Rule 26(a) Disclosures and Plaintiff's Discovery Responses and Motion to Extend Designation of neutral/ADR Conference Report and ADR Completion Date is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve his Rule 26(a)(1) disclosures and answers/responses to Defendant's First Interrogatories and Requests for Production within **ten (10) days** of date of this Memorandum and Order. Failure to comply with this order may result in sanctions, up to and including dismissal of the case.

**IT IS FURTHER ORDERED** that Defendant shall, no later than **seven (7) days** after the date of this Memorandum and Order, submit a memorandum to the Court describing the reasonable expenses, including attorney's fees, incurred in making the motion to compel, along with appropriate documentation.

**IT IS FURTHER ORDERED** that if Plaintiff opposes the entry of an order requiring Plaintiff to pay the expenses and attorney fees as described in Defendant's memorandum, Plaintiff shall file such opposition no later than **seven (7) days** after the filing of Defendant's memorandum regarding attorney's fees.

**IT IS FURTHER ORDERED** that the Order Referring Case to Alternative Dispute Resolutions, and all deadlines therein, are **VACATED**.

**IT IS FURTHER ORDERED** that the Court will hold a scheduling conference to set new deadlines for ADR, to occur by Zoom, on **Thursday, October 1, 2020, at 1:30 p.m.** Counsel will be emailed instructions for attending prior to the conference.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of September, 2020.

4